# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**April 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **A.R.**

**No. 15-0607** (Ohio County 14-JA-56)

## MEMORANDUM DECISION

Petitioner Father D.R., by counsel Justin M. Hershberger, appeals the Circuit Court of Ohio County's May 21, 2015, order terminating his parental rights to A.R. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Joseph Moses, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating his parental rights.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2014, the DHHR filed an abuse and neglect petition alleging that petitioner and his wife, the mother, abused A.R. According to the petition, petitioner and the mother were regularly abusing drugs in the child's presence. The DHHR alleged that petitioner's sister and her boyfriend, who resided in the same home as petitioner and the mother, abused drugs in their child's presence and in A.R.'s presence. The DHHR alleged that petitioner knew of their drug abuse, allowed A.R.'s exposure to drug abuse, and allowed his sister and her boyfriend to provide care for A.R. The DHHR alleged that petitioner and the mother repeatedly engaged in domestic violence in A.R.'s presence. The DHHR further alleged that petitioner has bipolar disorder which he failed to properly treat, and that petitioner's sister took naked pictures of A.R. and told her "not to tell anyone." At the time of the petition's filing, petitioner was incarcerated for unrelated charges, but was represented by counsel.

In August of 2014, the circuit court held a preliminary hearing. Petitioner was incarcerated and did not appear. Later in August of 2014, the circuit court held an adjudicatory

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

hearing. At the adjudicatory hearing, petitioner stipulated to his opiate addiction, smoking marijuana, allowing inappropriate people to babysit A.R., that his sister took inappropriate pictures of A.R., and his criminal history. He also stipulated that he needed anger management and domestic violence "education." Based on petitioner's stipulations, the circuit court adjudicated him an abusing parent.

In September of 2014, the DHHR filed an amended petition alleging that during petitioner's supervised visits with A.R., he was "hostile to" the mother and appeared to be under the influence of drugs or alcohol. The DHHR also alleged that petitioner missed a scheduled visit due to drug use, was arrested for domestic violence against the mother, and also provided false information to A.R.'s foster parent in order to gain access to her.

In October of 2014, petitioner moved the circuit court for a post-adjudicatory improvement period. The multidisciplinary team ("MDT") had no objection to petitioner receiving an improvement period and the circuit court granted his motion. One of the terms of petitioner's improvement period was that he must be granted a motion for modification of his criminal sentence, pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure. Petitioner stipulated to the condition that he be released from incarceration by January of 2015, to ensure that he have "time to complete the additional terms of his improvement period after his release." Subsequent to his motion for an improvement period, petitioner filed a motion to modify his criminal sentence but the motion was not granted.

In April of 2015, the DHHR filed a motion to terminate petitioner's improvement period because he failed to be released from incarceration by January of 2015. The circuit court held a hearing to address the DHHR's motion and dispositional hearing. At the hearing, petitioner admitted to failing to fulfill all the terms of his improvement period. Additional evidence was presented that petitioner continued to engage in domestic violence against the mother. Petitioner requested a disposition pursuant to West Virginia Code § 49-6-5(a)(5). The circuit court denied petitioner's motion and terminated his parental rights by order dated May 21, 2015. The circuit court found that petitioner "had not substantially corrected his issues of control and anger and his violent tendencies had not been adequately improved or treated." It also found that the DHHR had proven by clear and convincing evidence that there "is no reasonable likelihood that the conditions of abuse and neglect will be substantially corrected in the near future" and that termination of petitioner's parental rights is in A.R.'s best interests. It is from this order petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

2

committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court terminating petitioner's parental rights.

West Virginia Code § 49-6-5(a)(6) expressly provides that the circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare. In discussing termination of parental rights, we have previously held that "[t]hough constitutionally protected, the right of the natural parent to the custody of minor children is not absolute and it may be limited or terminated by the State, as *parens patriae,* if the parent is proved unfit to be entrusted with child care." Syl. Pt. 1, *In Re: Dejah Rose P.*, 216 W.Va. 514, 607 S.E.2d 843 (2004). In support of his appeal, petitioner argues that the crime for which he was incarcerated was a nonviolent offense and that he "availed himself to all relevant self-help classes while he was incarcerated." Petitioner contends that this showed "a desire and effort to correct the problems that led to the filing of the petition." However, it is clear from the record that several other conditions contributed to abuse of the child and that these conditions persisted throughout the matter.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights because he was willing to improve the conditions that led to the abuse and neglect. Pursuant to West Virginia Code § 49-6-5(b)(3), a respondent parent's failure to respond or follow through with a reasonable family case plan or other rehabilitative efforts constitutes circumstances in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected. Specifically, the circuit court found that petitioner failed to make any substantial progress during his six-month post-adjudicatory improvement period. While petitioner testified that he participated in relevant self-help classes while incarcerated, he did not provide any proof of participation in those services, other than his own testimony. Petitioner testified that he gained no insight into how his behaviors constituted domestic violence. The circuit court found that petitioner's "violent tendencies" had not been "adequately improved or treated." Further, petitioner continued his drug abuse after the case was initiated. It is also clear from the record that during petitioner's supervised visits with A.R., he was "hostile to" the mother and appeared to be under the influence of drugs or alcohol. Petitioner missed a scheduled visit with A.R. due to drug use, was arrested for domestic violence against the mother, and also provided false information to A.R.'s foster parent in order to gain access to her. Petitioner also admitted to failing to fulfill all the terms of his improvement period and continued to engage in domestic violence against the mother. As such, we find no error in the circuit court's ruling that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future.

Petitioner argues that the circuit court should have granted his request for an alternate disposition pursuant to West Virginia Code § 49-6-5(a)(5). However, the circuit court found that

terminating petitioner's parental rights was in A.R.'s best interests. In discussing the best interests of the child, we have held that "'[a]lthough parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S*., 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E .2d 352 (2013). *See also Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989) ("[T]he best interests of the child[ren] is the polar star by which decisions must be made which affect children.") (citations omitted). We have also held that, "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). In this case, the DHHR caseworker testified that an alternate disposition pursuant to West Virginia Code § 49-6-5(a)(5) would require that petitioner and the mother maintain contact and would put A.R. at further risk for abuse since petitioner's drug abuse and domestic violence issues had not been resolved. Based on the evidence, the circuit court found that the petitioner's requested alternative disposition was contrary to A.R.'s best's interests. Upon our careful review of the record on appeal, we find no error in the circuit court's ruling that termination was in the child's best interests to achieve permanency.

Therefore, the circuit court did not err in terminating petitioner's parental rights. Given the facts of this case, there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future, and termination was necessary for the child's welfare and in the child's best interests. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

The circuit court's May 21, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**:  **April 12, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II